IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Case No. 1:25-cv-02886-CNS

ANTON MANKOVSKYI,

    Petitioner,

v.

JUAN BALTASAR, Warden, Aurora Detention Center and
ROBERT GUADIAN, Field Office Director, Immigration and Customs Enforcement, Denver Field Office,

    Respondents.

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus and For Relief Under the Administrative Procedure Act or Under 42 U.S.C. Section 1983 or Under the U.S. Constitution. ECF No. 1. In its Response to Order to Show Cause, Respondents state (and Petitioner does not dispute[1]) that "ICE is pursuing [Petitioner's] removal to an agreed-upon alternative country" because (1) the Canadian government "declined authorization for [Petitioner's] entry into Canada" and (2) "removal to Ukraine has been rendered inadvisable due to the ongoing war." ECF No. 7 at 4. However, Respondents

---

[1] See ECF No. 11 at 1 ("Petitioner hereby adopts by reference the factual and procedural background set forth in the Respondents' Response to Order to Show Cause.").

1

provide no evidence regarding which agreed-upon alternative country ICE contacted,[2] when ICE requested travel documents for Petitioner from that alternative country, whether the alternative country has responded to ICE's request, or the overall status of Respondents' request. Without this additional information, it is unclear whether or when the agreed-upon alternative country will issue Petitioner a travel document such that there is a significant likelihood of removal in the reasonably foreseeable future.

Accordingly, IT IS HEREBY ORDERED that Respondents shall file a status report on the status of Petitioner's removal to the agreed-upon alternative country, within fourteen (14) days of the date of this Order. The status report should detail (1) which agreed-upon alternative country ICE contacted on Petitioner's behalf, (2) when ICE requested travel documents for Petitioner from the alternative country, (3) whether the alternative country has responded to ICE's request, (4) the overall status of ICE's request to the alternative country as of the time of the status report, and (5) whether and when information regarding ICE's request to the agreed-upon alternative country was communicated to Petitioner. The Petition for Writ of Habeas Corpus and For Relief Under the Administrative Procedure Act or Under 42 U.S.C. Section 1983 or Under the U.S. Constitution, ECF No. 1, remains pending.

Additionally, pursuant to Petitioner's Notice of Partial Voluntary Dismissal, ECF No. 10, Claims 2–4 of Petitioner's Petition for Writ of Habeas Corpus and For Relief Under

---

[2] For the first time in his Reply in Support of Petition for Writ of Habeas Corpus, Petitioner states that he requested removal to the Republic of Fiji, *id.* at 1, but states that he has "raised concern that the Republic of Fiji or any other country (other than Ukraine) will accept his transfer within the foreseeable future," *id.* at 3. The Court notes that Petitioner fails to identify when he made this request or to whom he raised the concern that his transfer would be accepted.

the Administrative Procedure Act or Under 42 U.S.C. Section 1983 or Under the U.S. Constitution, ECF No. 1, are DISMISSED WITHOUT PREJUDICE.

DATED this 3rd day of October 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge